HARRIET N. ATWOOD *vs.* NELLIE A. CHARLTON.

PROVIDENCE—FEBRUARY 26, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Equity.   Assignment of Mortgages.*

A., during his life, mortgaged an estate to B., and by will devised said estate to C. for life, with remainder to D. and E.   Subsequently to the decease of A., C., the life tenant, and D. and E., the remainder-men, made a second mortgage to B.   Both these mortgages were assigned by B. to the respondent, and were due and payable.   C. tendered to the respondent the full amount due on the mortgages, including interest and the expenses of transferring, and demanded that the respondent transfer the mortgages to X.   Upon the refusal of the respondent, C. brought a bill in equity to compel the respondent to transfer the mortgages.   Upon demurrer to the bill on the ground that the complainant did not make a case within the provisions of Gen. Laws R. I. cap. 207, § 7, and on other grounds:—

*Held,* that the statute, being remedial in its nature, should be liberally construed, and that though in terms limited to a mortgagor, that it should be held to extend to those who have succeeded to the mortgagor's right or title.

2)  *Equity Pleading and Practice.   Parties.*

*Held,* further, that the remainder-men were not necessary parties to the bill.

The life tenant is primarily interested.

(3)  *Construction of Statutes.*

*Held,* further, that the clause of the statute which provides that the "requisition of a prior incumbrancer shall prevail over the requisition of a subsequent incumbrancer" applies to incumbrances held by incum-

brancers which are subsequent to the mortgage or mortgages of which a transfer is sought, and provides as to the priority of right as between conflicting requisitions of subsequent incumbrancers.

*Held,* further, that the word "requisition" in the statute is used in its literal sense of the act of requiring or demanding.

(4) *Equity Pleading and Practice. Form of Bill.*

*Held,* further, that a bill for this purpose should properly contain an averment that the complainant has obligated himself to have the assignments which he requires from the respondent recorded.

BILL IN EQUITY to compel the assignment of certain mortgages under Gen. Laws R. I. cap. 207, § 7. Heard on demurrer to bill. Demurrer overruled.

MATTESON, C. J. This is a bill to compel the assignment of two mortgages held by the respondent on property in which the complainant has a life estate. The case is before us on demurrer to the bill.

(1) The estate conveyed in the mortgages to which the bill relates was formerly owned by James H. Atwood, deceased, who was the husband of the complainant, and who, by his will, devised the same to her for life with remainder to Charles M. and Leroy Atwood. James H. Atwood during his life, on August 31, 1870, mortgaged the estate to George B. Atwood for $3,000. Subsequently to the decease of James H. Atwood, the complainant and the remainder-men, on January 1, 1886, made a second mortgage to George B. Atwood of $2,000. Both these mortgages were, on December 19, 1898, assigned by George B. Atwood to the respondent, and both were long since due and payable. On or about August 1, 1899, the complainant tendered to the respondent the full amount due on the mortgages, including interest, and an amount of money sufficient to defray the expense of transferring the mortgages, and then and there demanded that the respondent transfer them to Mercy M. Cole. The respondent refused to accept the money tendered, and refused to transfer the mortgages. The bill avers the readiness of the complainant to pay to the respondent the sums tendered,

and offers to pay the same into the registry of the court if the court shall direct.

The question presented by the demurrer is whether the respondent should be required to make the transfers. Gen. Laws R. I. cap. 207, § 7, provides that " Where a mortgagor is entitled to redeem, he shall by virtue of this section have power to require the mortgagee, instead of discharging or reconveying, and on the terms on which he would be bound to discharge or reconvey, to assign the mortgage debt and convey the mortgaged property to such third person as the mortgagor directs : *Provided*, that such mortgagor assumes the expense of making such assignment and conveyance and obligates himself to have the same recorded forthwith, and the fact of such transfer being made shall be *prima facie* evidence that such assumption of expense and such obligations have been made ; and the mortgagee shall by virtue of this section be bound, on being relieved of all expense and having such obligation made to him, to assign and convey accordingly ; and such right shall belong to and be capable of being enforced by each incumbrancer, or by the mortgagor, notwithstanding any intermediate incumbrance, but a requisition of an incumbrancer shall prevail over a requisition of the mortgagor, and, as between incumbrancers, a requisition of a prior incumbrancer shall prevail over a requisition of a subsequent incumbrancer. This section does not apply in the case of a mortgagee being or having been in possession."

The respondent contends that the complainant is not entitled to a transfer of the mortgages ; that the statute is limited to a *mortgagor* who is entitled to redeem, the language being " Where a mortgagor is entitled to redeem " . . . " he shall have power to require," etc. Our opinion is, however, that the statute, being remedial in its nature, should be liberally construed, and that though it is in terms limited to a mortgagor, that it should be held to extend to those who have succeeded to the mortgagor's right or title.

(2)    The respondent contends that the bill is defective because the remainder-men have not been made parties. Though they

might perhaps have been properly joined as complainants by reason of their interest as remainder-men, we do not think that they are to be regarded as necessary parties. The complainant, as life tenant, would be entitled to redeem for the protection of her life estate, and is, therefore, within the statute. Moreover, as life tenant, she is charged with the duty of paying the interest on the mortgages, and is, therefore, primarily interested in the question by whom the mortgages shall be held.

(3) The respondent calls attention to the clause of the statute which provides that the right to require an assignment "shall belong to and be capable of being enforced by each incumbrancer, or by the mortgagor, notwithstanding any intermediate incumbrance, but a requisition of an incumbrancer shall prevail over a requisition of the mortgagor, and, as between incumbrancers, a requisition of a prior incumbrancer shall prevail over the requisition of a subsequent incumbrancer," and maintains that the complainant, as life tenant, is an incumbrancer, and that as her life estate is subsequent to the earlier mortgage she is not entitled to an assignment of it from the respondent, the latter being the prior incumbrancer, and her requisition or "desire to retain it" being preferred by the statute to the requisition of the complainant. The respondent treats the word "requisition" as equivalent to "a desire to retain," but the term "requisition" in the statute is evidently used in its literal sense of the act of requiring or demanding. There is nothing in the statute to warrant any such construction of the word as given to it by the contention of the respondent, a construction which is wholly foreign to its signification.

The clause of the statute clearly applies to incumbrances held by incumbrancers which are subsequent in time to the mortgage or mortgages of which a transfer is sought, and provides as to the priority of right as between conflicting requisitions of subsequent incumbrancers or of such an incumbrancer and the mortgagor.

(4) The bill does not show that the complainant obligated herself to have the assignments of the mortgages which she

required from the respondent to Mercy M. Cole recorded. This the statute requires. Inasmuch, however, as we can provide for the record of the assignments in our decree, we do not think it necessary to sustain the demurrer on this account.

Demurrer overruled.

*P. H. Quinn,* for complainant.
*Albert R. Greene,* for respondent.